Jerry SAENZ, Plaintiff-Appellant,

v.

James P. MURPHY, Colleen James, and Marv Prieve,
Defendants-Respondents.†

Court of Appeals

*No. 88-2084. Submitted on briefs June 8, 1989.—Decided
December 14, 1989.*

(Also reported in 451 N.W.2d 780.)

†Petition to review granted.

665

For the plaintiff-appellant the cause was submitted on the briefs of *Jerry Saenz* pro se of Portage.

For the defendants-respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *John J. Glinski,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J. Jerry Saenz, an inmate of Columbia
Correctional Institution (CCI), appeals from a summary
judgment dismissing his complaint. The defendants are
James P. Murphy, superintendent of CCI, Colleen
James, CCI adjustment committee hearing officer, and
Captain Marv Prieve, CCI adjustment committee mem-
ber. Saenz brings this action against the defendants in
both their official and individual capacities. He seeks
compensatory and punitive damages under 42 U.S.C.
sec. 1983, declaratory relief under 28 U.S.C. secs. 2201
and 2202, and injunctive relief. We affirm in part,
reverse in part and remand the cause for further proceed-
ings consistent with this opinion.

## BACKGROUND

The material facts are undisputed. Saenz alleges
that the defendants denied him procedural due process
in the following circumstances.[1]
On November 7, 1987, Saenz was involved in an
altercation with a correctional officer. A security super-
visor placed Saenz in temporary lockup (TLU) and
served him with a Notice of Inmate Placed in Tempo-
rary Lockup. The security director reviewed the TLU
notice and retained Saenz in TLU. On November 9,
1987, Saenz wrote to the director requesting that he be
informed of the reason for his TLU. The director did not
respond.
On November 10, 1987, Saenz was served with an
Adult Conduct Report charging him with offenses aris-

---

[1]References in this opinion to "due process" are to Saenz's
procedural due process claims. Saenz does not claim that the
defendants denied him substantive due process.

668

ing out of the November 7 incident. The security director determined that the offenses were major offenses to be heard under Wis. Adm. Code, sec. HSS 303.76. On that date, Saenz was also served with a Notice of Major Disciplinary Hearing Rights.

On November 11, 1987, Saenz requested that Dr. Eugene Strangman, a CCI employee, appear at his disciplinary hearing. The security director determined that Dr. Strangman would not be available and noted on Saenz's request: "Advocate will receive statement. The Doctor will not be available for testimony."

The Notice of Major Disciplinary Hearing Rights advised Saenz that a named staff advocate was appointed to represent him. On Saenz's Request for Attendance of Witnesses he added: "*Requesting* the appointment of a *trained advocate* and not an 'incompetent correctional officer advocate.'" (Emphasis in original.)

On November 19, 1987, Saenz was brought to a disciplinary hearing before the adjustment committee. Saenz stated to the committee: "I plead not guilty, my due process is being violated, I never received notice of the hearing." The committee, comprised of defendant Colleen James, hearing officer, and defendant Captain Marv Prieve, found Saenz guilty of all charges. The committee stated the reason for its decision as follows: "[I]nmate refused to give committee any information, got up and proceeded out of the hearing room. Therefore committee had to totally rely on statements in conduct report. Advocate (Sampson) stated inmate refused to have an advocate." The committee sentenced Saenz to ten days cell confinement and sixty days program segregation. On December 4, 1987 defendant Superintendent Murphy affirmed the adjustment committee's finding of Saenz's guilt and decision of disposition.

On November 25 and December 2, 1987, Superintendent Murphy dismissed Saenz's complaints relating to his confinement in TLU. The superintendent did not state the reasons for his decisions.

## I.

## SUMMARY JUDGMENT: FAILURE TO STATE A CLAIM

The first step of the summary judgment review procedure is to determine whether the complaint states a claim. *Grams v. Boss,* 97 Wis. 2d 332, 339, 294 N.W.2d 473, 477 (1980). We therefore examine Saenz's complaint.

Saenz claims that the defendants violated his right to due process by placing and continuing him in TLU without informing him of the reason for his confinement and without an opportunity to respond, contrary to Wis. Adm. Code, sec. HSS 303.11(2) and (5); by failing to give him adequate notice of the date, time and place of his disciplinary hearing, contrary to Wis. Adm. Code, secs. HSS 303.76(3) and 303.81(9); by failing to give him an adequate opportunity to prepare his defense; and by denying his request for a staff member witness to appear at his disciplinary hearing or, alternatively, failing to obtain the witness's statement, contrary to secs. HSS 303.76(1) and 303.81(1), (2), (3), (4), (5) and (7).

The defendants argue that Saenz does not state a claim because he has adequate post-deprivation remedies; because there is no causal connection between them and the violations of due process of which Saenz complains; and because they are entitled to qualified immunity. The defendants further argue that Saenz's claims against them in their official capacities are barred

because sovereign immunity deprived the trial court of jurisdiction.

## A.

## Post-Deprivation Remedies

The defendants argue that Saenz has adequate post-deprivation remedies which afford him all the process due. Decisions such as *Paul v. Davis,* 424 U.S. 693, *reh'g denied,* 425 U.S. 985 (1976), *Ingraham v. Wright,* 430 U.S. 651 (1977), *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part,* 474 U.S. 327, 330 (1986), and *Hudson v. Palmer,* 468 U.S. 517 (1984), signal a contraction of the scope of 42 U.S.C. sec. 1983, stemming from the Court's conclusion in these cases that no constitutional cause of action exists for failure to provide pre-deprivation procedural due process if the depriving jurisdiction provides an adequate post-deprivation remedial system. *See* R. Smolla, *The Displacement of Federal Due Process Claims by State Tort Remedies: Parratt v. Taylor and Logan v. Zimmerman Brush Company,* 1982 U. Ill. L. Rev. 831, 882; L. Tribe, *American Constitutional Law,* sec. 10-14, at 725-26 (1988). In *Zinermon v. Burch,* No. 87-1965, United States Supreme Court, *(Burch v. Apalachee Community Mental Health Serv.,* 840 F.2d 797 (11th Cir. 1988)), the United States Supreme Court may decide whether this contraction extends to a liberty interest.

This contraction does not, however, extend to the due process rights of disciplinary-action inmates. *Wolff v. McDonnell,* 418 U.S. 539 (1974). The Court determined that an inmate who has a liberty interest of "real substance" has a constitutional right to *pre-deprivation* procedures. *Id.* at 557. Plainly, Saenz's interest in freedom from disciplinary cell confinement and program

671

segregation has real substance. Where the inmate's interest has real substance, the inmate is entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Id.*

We therefore reject defendants' contention that because their acts may be reviewed by state judicial action such as certiorari, mandamus or injunction, and they may be subject to a tort action, Saenz has failed to state a claim under 42 U.S.C. sec. 1983.

## B.

### Causal Connection

42 U.S.C. sec. 1983 creates a cause of action based upon personal liability and predicated upon fault. *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). An official cannot be held liable in a sec. 1983 action unless he or she caused or participated in an alleged constitutional deprivation. "A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary." *Id.* (Citation omitted.)

We consider each of Saenz's claims to determine whether there is a causal connection between the claimed misconduct and the defendants.

1. Temporary Lockup. Saenz's first claim is that he was restrained in TLU without being given the reason for his confinement and without an opportunity to respond, either orally or in writing, contrary to Wis. Adm. Code, sec. HSS 303.11(2) and (5). We conclude

that there is no causal connection between these defendants and Saenz's TLU confinement.

Saenz was placed in TLU by a security supervisor. If an inmate is placed in TLU by a security supervisor, the security director must review this action on the next working day. Wis. Adm. Code, sec. HSS 303.11(2). Before this review, the inmate shall be provided with the reason for his or her confinement in TLU and given an opportunity to respond, either orally or in writing. *Id.* The security director's review of the decision must include consideration of the inmate's response. *Id.* If, upon review, the security director determines that TLU is not appropriate, the inmate shall be released immediately. *Id.* The security director shall review the status of each inmate in TLU every seven days to determine whether TLU continues to be appropriate. Sec. HSS 303.11(3).

■■■■

Neither defendant James nor defendant Prieve was involved in Saenz's placement and confinement in TLU. Superintendent Murphy did not participate in Saenz's TLU except to deny his inmate complaints.[2] The superintendent's acts did not place or continue Saenz in TLU. Saenz does not claim that the superintendent unreasonably delayed acting on his inmate complaint. Nor does he claim that the superintendent had a duty to investigate his TLU status and release him. Murphy is not subject to Saenz's claim simply because he was superintendent of CCI. "Section 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). The mere right to control without control or direction being exer-

---

[2] Wisconsin's inmate grievance system does not create a constitutionally protected liberty interest. *Staples v. Young,* 149 Wis. 2d 80, 88, 438 N.W.2d 567, 570 (1989).

cised and without failure to supervise is not enough to support sec. 1983 liability. *Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 694 n. 58 (1978). We conclude, therefore, that no defendant had sufficient involvement in placing and continuing Saenz in TLU to support sec. 1983 liability.

2. Lack of Notice. Saenz next complains that he was not given notice of his disciplinary hearing, as required by Wis. Adm. Code, sec. HSS 303.76(3) and 303.81(9). Wisconsin Adm. Code, sec. HSS 303.76(3) provides that a due process hearing for a major violation shall be held no sooner than two days nor later than twenty-one days after the inmate receives a copy of the conduct report and hearing notice. Wisconsin Adm. Code, sec. HSS 303.81(9) provides that "[t]he hearing officer shall prepare notice of the hearing and give it to the accused, the advocate (if any), the committee and all witnesses . . .." The Notice of Major Disciplinary Hearing Rights advised Saenz that,

> [t]he Hearing Officer or designee will notify you and your staff advocate of the date, time and place of the hearing. The hearing shall be held no sooner than 2 days and not more than 21 days . . . after the date you were given a copy of the above-referenced Conduct Report.

> Saenz was given no other notice of the hearing.

There is, therefore, a causal connection between hearing officer Coleen James and Saenz's complaint that he was deprived of due process because he was not given notice of the disciplinary hearing.

[7]

Captain Prieve, however, had no responsibility to give Saenz notice of the date, time and place of the

674

disciplinary hearing. As a committee member he had no duty to see that Saenz received adequate notice of Saenz's disciplinary hearing. There is therefore no causal connection between Prieve and Saenz's complaint that he was not given the notice required by the rules.

3. Right to Prepare a Defense. Saenz next claims that he was denied his due process right to prepare a defense because (a) he was not given sufficient notice of the hearing, (b) he was confined in TLU, (c) he was denied a continuance, and (d) he was refused a trained and competent advocate.

(a) *Notice.* Our earlier conclusion that there is a casual connection between the hearing officer, defendant James, and Saenz's lack of notice claim extends to Saenz's claim that lack of adequate notice of his hearing deprived him of a chance to prepare his defense. There is no causal connection, however, between defendants Prieve and Murphy and Saenz's lack of notice claim.

(b) *Temporary Lockup.* Our earlier determination that none of the defendants had any direct responsibility for the confinement of Saenz in TLU extends to Saenz's claim that his confinement deprived him of an opportunity to prepare his defense.

(c) *Saenz's Request for a Continuance.* Saenz claims that the adjustment committee refused his request to postpone his disciplinary hearing. There is no evidence that Saenz made such a request. Saenz has not submitted an affidavit to support his claim. The defendants do not concede that he made the request. Our review is confined to the record. *Herro, McAndrews and*

675

■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■

*Porter v. Gerhardt,* 62 Wis. 2d 179, 180, 214 N.W.2d 401, 402 (1974). We cannot consider Saenz's claim.

■■■

(d) *Right to Advocate.* An advocate was appointed to represent Saenz. Saenz, however, objected to the advocate and requested that he be represented by a competent and trained advocate. Because we conclude that Saenz did not have a due process right to an advocate, we do not decide whether there is a causal connection between Saenz's claim and the defendants.

4. Request for Witness. If an inmate does not have an advocate, his request for a witness shall be sent directly to the security office. Wis. Adm. Code, sec. HSS 303.81(1). Saenz's witness request form is signed by the security director. It is therefore reasonable to infer that Saenz's request was received by the security office, as required by sec. HSS 303.81(1).

■■■

The hearing officer shall review the inmate's request for witnesses and investigate to determine whether they should be called. Wis. Adm. Code, sec. HSS 303.81(2). If a staff witness will be unavailable to testify, the hearing officer shall attempt to get a signed statement from the witness. Sec. HSS 303.81(4). After determining which witnesses will be called, the hearing officer shall schedule a time for a hearing when the witnesses for the accused can be present. Sec. HSS 303.81(7). There is, therefore, a causal connection between the hearing officer, James, and Saenz's claim that his right to due process was violated by failure to produce the witness he requested or to obtain the witness's statement.

## C.

## Qualified Immunity

The defendants contend that, in any event, they are protected by a qualified immunity. Qualified immunity is defeated if an official knew or reasonably should have known that the action he or she took within the sphere of official responsibility would violate the constitutional rights of the plaintiff. *Harlow v. Fitzgerald,* 457 U.S. 800, 815 (1982). On summary judgment, we determine not only the currently applicable law governing the official's action, but whether that law was clearly established at the time an action occurred. *Id.* at 818. If the law was clearly established, the immunity defense ordinarily fails, since a reasonably competent public official should know the law governing his or her conduct. *Id.* at 818-19.

The due process rights of a disciplinary-action inmate were declared in *Wolff v. McDonnell.* Written notice of the charges against the inmate must be given in order to inform the inmate of the charges and to enable the inmate to marshal the facts and prepare a defense. 418 U.S. at 564. The inmate facing disciplinary proceedings should ordinarily be allowed to call witnesses and present documentary evidence in his or her defense. *Id.* at 566. The due process requirements imposed by *Wolff* are explained in the note to Wis. Adm. Code, ch. HSS 303. Wis. Adm. Code, ch. HSS 303 Appendix, Note HSS 303.76, 303.78 and 303.82. This note first appeared in the May 1, 1985 Wisconsin Adm. Code Register. Thus, the defendants reasonably should have known that Saenz was entitled to adequate notice and an opportunity to present a defense to the charges against him,

including the right to call witnesses of his choice. In these respects, defendants' qualified immunity defense fails.

Saenz, however, had no constitutional right to an advocate of his choosing. "The choice of an advocate is not the inmate's constitutional right." Wis. Adm. Code, ch. 303 Appendix, Note HSS 303.78. This correctly states the law. *See Wolff,* 418 U.S. at 569–70. Therefore, Saenz has no claim in this respect to which a qualified immunity defense need be asserted.

### D.

### Sovereign Immunity

With respect to Saenz's claims against the defendants in their official capacities, the defendants contend that sovereign immunity deprived the trial court of jurisdiction. We conclude, however, from "the course of proceedings, " *Brandon v. Holt,* 469 U.S. 464, 469 (1985), that Saenz did not intend to plead, and does not plead, an official-capacity action. Personal-capacity suits seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Official-capacity actions, however, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.,* (quoting *Monell,* 436 U.S. at 690 n. 55).[3] In an official-capacity suit the

---

[3] To treat an official-capacity suit as a suit against the government entity, the entity must receive notice and an opportunity to respond. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). The record does not show that Saenz served CCI or the department, nor has either entity appeared in these proceedings.

entity's "policy or custom" must have played a part in the violation of federal law. 473 U.S. at 166. Saenz's complaint does not allege that a policy or custom of CCI or the Department of Health and Social Services, division of corrections played a part in the violation of his due process rights. We conclude that Saenz's complaint does not state a claim against CCI or the department. There is, therefore, no entity which may invoke the defense of sovereign immunity.

## II.

### RIGHT TO SUMMARY JUDGMENT

■■■■

From our examination of the pleadings and the defendants' affidavits, we conclude that there are no genuine issues of material fact which make it improper to grant summary judgment. "[I]n the event no material facts are in dispute, a court's next determination is in respect to the applicable law: Is the movant, under the law, entitled to judgment or should judgment be granted as a matter of law to the nonmoving party." *Delmore v. American Family Mut. Ins. Co.,* 118 Wis. 2d 510, 512-13, 348 N.W.2d 151, 153 (1984). We hold that Saenz is entitled as a matter of law to judgment that defendant James violated his due process right to call a witness in his defense. In all other respects, we conclude that the defendants are entitled to judgment.

We have disposed of Saenz's TLU claim, his claim to an advocate of his choosing, and his claim that denial of his continuance request violated his right to due process. There remain two questions under 42 U.S.C. sec. 1983 which we decide as a matter of law. First, did the hearing officer violate Saenz's right to due process by failing to give him adequate notice of the date, time and

place of his disciplinary hearing? Second, did the hearing officer violate Saenz's right to due process by failing to call Dr. Strangman as a witness to testify on Saenz's behalf or, in the alternative, in failing to obtain a statement from Dr. Strangman, as required by Wis. Adm. Code, sec. HSS 303.81(1), (2), (3), (4), (5) and (7)?

## A.

### Adequate Notice

The state, by the use of "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed and that [the challenged action of prison authorities] will not occur absent specified substantive predicates" may create a liberty interest protected under the fourteenth amendment. *Culbert v. Young,* 834 F.2d 624, 628 (7th Cir. 1987), *cert. denied,* 99 L. Ed. 2d 506, — U.S. — (1988) (quoting *Hewitt v. Helms,* 459 U.S. 460, 471-72 (1983)) (brackets added in *Culbert*). Although Wis. Adm. Code, sec. HSS 303.81(9) provides that the hearing officer "shall" give notice of the disciplinary hearing, the rule adds nothing to the constitutional requirement of adequate notice.

*Wolff* prescribes the notice which must be given:

> We hold that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee.

418 U.S. at 564.

The notice given to Saenz informed him that his disciplinary hearing would be held at least two days but not more than twenty-one days after he was served with the notice. Because Saenz was given more than twenty-four hours to marshal the facts and prepare a defense, his due process right to adequate notice was not violated.

## B.

## Right to Witness

*Wolff* mandates that an inmate facing disciplinary proceedings shall be allowed to call witnesses in his or her defense when permitting the inmate to do so will not be unduly hazardous to institutional safety or correctional goals. 418 U.S. at 566. The defendants do not claim that calling Dr. Strangman would have been unduly hazardous to institutional safety or correctional goals.

Wisconsin Adm. Code, sec. HSS 303.81(7) requires that the hearing officer shall schedule an inmate's disciplinary hearing when his or her witnesses can be present. The rules contemplate, however, that if a witness is unavailable, the hearing officer shall attempt to get a signed statement from the witness to be used at the hearing. Sec. HSS 303.81(4). We conclude that the substitution of a signed statement for the testimony of an unavailable witness satisfies *Wolff* 's requirement that an inmate facing disciplinary proceedings shall ordinarily be allowed to call witnesses in his or her defense.

The hearing officer does not claim that she attempted to schedule Saenz's disciplinary hearing at a

time when Dr. Strangman could be present. Strangman's unavailability is unexplained. The security director avers that he directed Saenz's advocate to take Dr. Strangman's statement, but there is no evidence that the advocate did so. Dr. Strangman's statement, if he gave one, is not included in the hearing exhibits. There is no evidence that the hearing officer attempted to get a signed statement from Dr. Strangman, as required by Wis. Adm. Code, sec. HSS 303.81(4). The security director's direction to Saenz's advocate to take Dr. Strangman's testimony and Saenz's rejection of the advocate did not relieve the hearing officer of her obligation to comply with sec. HSS 303.81(4). Because Saenz was not allowed to call Dr. Strangman as a witness or, in the alternative, to have Dr. Strangman's statement presented to the adjustment committee, Saenz was denied due process.[4] Saenz is therefore entitled to judgment on this claim and a trial as to his damages.

## III.

## DECLARATORY RELIEF

Saenz requests a declaration that Wis. Adm. Code, secs. HSS 303.11, 303.76(1), (3) and 303.81, create protected liberty interests. A declaratory judgment may properly be ordered in an action under 42 U.S.C. sec.

[4]We reject Saenz's claim that he was denied due process because the hearing officer did not note on the record the reason Dr. Strangman failed to appear. Wisconsin Adm. Code, sec. HSS 303.81(2) requires that the hearing officer note the reason for the refusal of a witness to appear. This is not a witness-refusal case but an unavailable-witness case. The rules do not require the hearing officer to note the reason for a witness's unavailability. Nor does due process.

1983. *Adams v. City of Park Ridge,* 293 F.2d 585 (7th Cir. 1961) (disapproved on other grounds, *City of Kenosha v. Bruno,* 412 U.S. 507 (1973); 15 Am. Jur. 2d *Civil Rights* sec. 275 n. 82 (1976).

"For declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.' " *Ashcroft v. Mattis,* 431 U.S. 171, 172, *reh'g denied,* 433 U.S. 915 (1977) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 242 (1937)). In *Ashcroft* the father of a boy who was shot and killed by police while attempting to escape arrest filed suit under 42 U.S.C. sec. 1983 against the police officers. He sought damages and a declaratory judgment that the Missouri statutes authorizing the police action were unconstitutional. The district court denied both forms of relief. Mattis did not appeal to the court of appeals from the denial of damages, but did seek review of the denial of declaratory relief. The eighth circuit court of appeals held that declaratory relief was available and remanded the cause for consideration of the merits of the constitutional issue. The district court upheld the statutes but a divided court of appeals, sitting en banc, reversed. *Mattis v. Schnarr,* 502 F.2d 588 (8th Cir. 1974). Upon appeal, the Supreme Court held that the suit did not present a "live" case or controversy because the issue of the police officer's liability for the death of Mattis's son had been determined. *Ashcroft* at 172. No "present right" of Mattis was at stake. *Id.*

Here, we have determined that none of the named defendants had any involvement in Saenz's confinement in TLU. Therefore, no present right of Saenz is at stake under Wis. Adm. Code, sec. HSS 303.11. We have also determined that Saenz received all the notice of his disciplinary hearing that he was entitled to under *Wolff.*

Therefore, no further declaration is necessary of his right to notice under Wis. Adm. Code, secs. HSS 303.76(1), (3) and 303.81.

Saenz also requests that we declare that Wis. Adm. Code, ch. HSS 303 created in him protected liberty interests. A general declaration to this effect would be purely advisory because there is no dispute before us with respect to the other sections of ch. HSS 303 which are not involved in this appeal.

We therefore conclude that Saenz is not entitled to declaratory relief.

## IV.

## INJUNCTIVE RELIEF

Saenz also requests preliminary and permanent injunctions to prohibit the defendants, their successors, agents and employees and all other persons in active participation with the defendants from denying him his due process rights with respect to TLU and disciplinary hearings. Injunctive relief is available in an action under sec. 1983. *See Rizzo v. Goode,* 423 U.S. 362, 370 (1976). However, past exposure to illegal conduct does not establish a present case or controversy permitting injunctive relief, unless such exposure is accompanied by continuing, present adverse effects. *Id.* at 372. In *Rizzo,* the district court's injunctive order significantly revised the internal procedures of the Philadelphia police department. The Supreme Court observed that the respondents' claim to "real and immediate" injury rested not upon what the named petitioners might do to them in the future, but upon what one of a small, unnamed minority of policemen might do to them because of their

perception of departmental disciplinary procedures. The Court found this hypothesis "attenuated." *Id.*

Saenz does not claim any continuing, present adverse effects from his past exposure to the alleged illegal conduct of the defendants. It would take us into the area of speculation and conjecture, *Rizzo,* 423 U.S. at 372, were we to assume that these defendants will violate Saenz's right to due process in the respects he claims. We will not engage in conjecture and speculation. We therefore reject Saenz's claim for injunctive relief.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded for determination of damages.