John S. BERGMANN, Petitioner-Respondent,

v.

Gary R. MCCAUGHTRY, Respondent-Appellant-
Petitioner.

Supreme Court

*No. 95–2108. Oral argument May 30, 1997.—Decided June 20, 1997.*

(Also reported in 564 N.W.2d 712.)

For the respondent-appellant-petitioner the cause was argued by *Charles D. Hoornstra*, assistant attorney general with whom on the briefs was *James E. Doyle*, attorney general.

For the petitioner-respondent there was a brief and oral argument by *Howard B. Eisenberg*, Milwaukee.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of an unpublished decision of the court of appeals affirming an order of the Circuit Court for Dodge County, Joseph E. Schultz, Reserve Judge.[1] The circuit court vacated the prison disciplinary findings of four major conduct violations by John S. Bergmann, an inmate at the Waupun Correctional Institution, unless the Department of Corrections (the Department) could show that written notice was given Bergmann as required by Wis. Adm. Code § DOC 303.81 (June, 1994).[2] The court of appeals concluded that the Department was required to provide Bergmann with notice of the disciplinary hearing as required by § DOC 303.81. The Department conceded in this court that no such notice was given. Because the Department failed to provide Bergmann with written notice of the disciplinary hearing in compliance with department regulation § DOC 303.81, we affirm the decision of the court of appeals; the prison disciplinary findings are therefore vacated.

[1] *Bergmann v. McCaughtry*, No. 95–2108, unpublished slip op. (Wis. Ct. App. Dec. 12, 1996).

Gary R. McCaughtry is the warden of the Waupun Correctional Institution. Hereafter he will be referred to as the Department.

[2] All references to the administrative code are to the June 1994 publication.

I.

¶ 2. The facts are not in dispute for purposes of this review. Department staff at Waupun Correctional Institution alleged that Bergmann violated previous direct orders of the Department by attempting to communicate with his young son.[3] Four violations were alleged.

¶ 3. On May 9, 1994, Bergmann was notified of the first allegation and the fact of an upcoming disciplinary hearing by a "NOTICE OF MAJOR DISCIPLINARY HEARING RIGHTS AND WAIVER OF MAJOR HEARING AND WAIVER OF TIME" (Form DOC–71, hereafter "notice of hearing rights") and an "ADULT CONDUCT REPORT" (Form DOC–9, hereafter "conduct report"). With regard to the time of the upcoming hearing, the notice of hearing rights notified Bergmann as follows: "The Hearing Officer or designee will notify you and your staff advocate of the date, time and place of the hearing. The hearing shall be held not sooner than 2 days and not more than 21 days after the date you were given a copy of the above referenced conduct report." Bergmann signed the notice of hearing rights, indicating that he had read and understood his hearing rights; he did not sign the waiver of a formal hearing or of the time limits for a hearing.

¶ 4. On May 10 Bergmann requested in writing that the hearing on the first conduct report be held on May 26, as he needed time to obtain an affidavit from a

---

[3] In an unpublished order a federal court had previously ruled that the Department's order not to write his son did not violate Bergmann's First Amendment rights. *Bergmann v. McCaughtry*, 93-C–0244-C (W.D. Wis., Dec. 27, 1993), *aff'd mem.*, 48 F.3d 1221 (7th Cir. 1995).

person outside the prison. On May 18 Bergmann received three sets of notices of hearing rights and conduct reports, one for each of the other three alleged violations.

¶ 5. Bergmann received no other written notice of a hearing or hearings. On May 26 an adjustment committee held a hearing on all four violations. The record indicates that Bergmann did not attend the hearing.[4] Bergmann was found guilty of each of the violations. The Department affirmed the determinations of guilt.

¶ 6. On certiorari review the circuit court held that the Department had not furnished Bergmann with notice of the hearing as required by § DOC 303.81(9). Accordingly, the circuit court remanded to the adjustment committee to supplement the record to show compliance with § DOC 303.81(9), if possible. The circuit court further ruled that were the committee unable to show compliance, the decision of the committee would be vacated. The Department made no submission supplementing the record. Rather, the Department appealed the circuit court's decision and order to the court of appeals.

¶ 7. The court of appeals affirmed the order of the circuit court, concluding that the circuit court properly ruled that the Department had failed to give Bergmann the notice required by § DOC 303.81(9). The court of appeals concluded that "the notice of the hearing must also inform the inmate which charges will be heard at the specified time." *Bergmann v. McCaughtry*, No. 95–2108, unpublished slip op. at 4 (Wis. Ct. App. Dec. 12, 1996).

---

[4] The Department asserts that Bergmann declined to attend the hearing; Bergmann does not dispute this assertion.

## II.

¶ 8. A single issue was raised by the Department in its petition for review: Did the Department comply with the notice requirement of Wis. Admin. Code § DOC 303.81(9)? Bergmann raised an additional issue in his brief to the court: If the Department complied with the notice regulation, does the notice regulation provide due process of law? Because our resolution of the first issue is dispositive, we need not and do not address the second, constitutional issue.

¶ 9. It is undisputed by the parties, and we agree, that the notices of hearing rights and conduct reports which Bergmann received (Forms DOC–71 and DOC–9) complied with § DOC 303.76.[5] We must determine whether an inmate is entitled to a second written notice by virtue of § DOC 303.81. Sections DOC 303.81(7) and DOC 303.81(9) provide in relevant part as follows:

**DOC 303.81 Due process hearing: witnesses.**

. . . .

---

[5] Section 303.76 provides in relevant part as follows:

**DOC 303.76 Hearing procedure for major violations. (1)**

NOTICE. When an inmate is alleged to have committed a major violation. . .a copy of the approved conduct report shall be given to the inmate within 2 working days after its approval. The conduct report shall inform the inmate of the rules which he or she is alleged to have violated,. . .that he or she may exercise the right to a due process hearing. . .that if a formal due process hearing is chosen, the inmate may present oral, written, documentary and physical evidence. . . .

. . . .

**(3)** TIME LIMITS. A due process hearing shall be held no sooner than 2 working days or later than 21 days after the inmate receives a copy of the conduct report and hearing notice.

(7) After determining which witnesses will be called for the accused, the hearing officer shall notify the inmate of the decision in writing and schedule a time for a hearing when [witnesses and others] can be present. . . .

. . . .

(9) The hearing officer shall prepare notice of the hearing and give it to the accused, the advocate for the accused (if any), the committee and all witnesses, including the staff member who wrote the conduct report.

■

¶ 10. The Department's counsel, in response to questions at oral argument, conceded that the regulations require that two written notices be given to an inmate—one under § DOC 303.76 and the other under § DOC 303.81. Interpretation of a regulation is a question of law. *Grohmann v. Grohmann*, 189 Wis. 2d 532, 535–36, 525 N.W.2d 261 (1995). A party's concession of law does not bind the court. *Fletcher v. Eagle River Mem'l Hosp., Inc.*, 156 Wis. 2d 165, 168, 456 N.W.2d 788 (1990) (only concessions of fact, not law, are proper subject of judicial admissions).

■

¶ 11. In this case, the concession is by an attorney representing the agency that promulgated the regulations being interpreted. The court ordinarily accords deference to a state agency's interpretation and application of its own administrative regulations unless the interpretation is inconsistent with the language of the regulation or is clearly erroneous.[6] The

---

[6] *Pfeiffer v. Board of Regents*, 110 Wis. 2d 146, 154–55, 328 N.W.2d 279 (1983); *Beal v. First Fed. Sav. & Loan Ass'n of Madison*, 90 Wis. 2d 171, 182–83, 279 N.W.2d 693 (1979).

record in the present case indicates no settled department interpretation of the regulations at issue. Moreover, the commentary to the regulations sheds no light on the question before the court.[7] In any event, we need not decide whether counsel's concession becomes an administrative interpretation to which we might give deference. Our independent analysis, benefiting from the analyses of the circuit court and court of appeals, leads us to agree with the Department's counsel, and Bergmann, that a second written notice is required under § DOC 303.81.

¶ 12. The text of the regulations requires a second written notice after the written notice under § DOC 303.76 is given. Section DOC 303.76(3) specifies that "[a] due process hearing shall be held no sooner than 2 working days or later than 21 days after the inmate receives a copy of the conduct report and hearing notice." Section DOC 303.81(7) requires that "[a]fter determining which witnesses will be called for the accused, the hearing officer shall notify the inmate of the decision in writing and schedule a time for a hearing. . . ." Section DOC 303.81(9) requires that "[t]he hearing officer shall prepare notice of the hearing and give it to the accused. . . ." These three subsections, when read together, require that written

---

[7] Bergmann argues that the statement in the notice of hearing rights that "[t]he Hearing Officer or designee will notify you and your staff advocate of the date, time and place of the hearing," provides a conclusive department interpretation of § DOC 303.81 and as such is entitled to deference by a reviewing court. Because we conclude that even on an independent review of the regulations and this record Bergmann's interpretation is correct, we decline to consider whether a department form notice may be considered an agency interpretation of its regulation which may be entitled to deference.

notice of the hearing be given to the accused after the initial notice under § DOC 303.76 is given.

■

¶ 13. We agree with the parties that the notice of hearing rights (Form DOC–71) does not supply the notice required by DOC § 303.81; it supplies the notice required by DOC § 303.76. Nor does Form DOC–71 meet the requirements for a notice under DOC § 303.81. The notice required under DOC § 303.81 is to come from a hearing officer; Form DOC–71 is signed by a correctional officer, not a hearing officer. Furthermore, Form DOC–71 cannot comply with the § DOC 303.81(9) requirement that notice be given to the staff advocate, the committee and all witnesses. When Form DOC–71 is given to the inmate, an advocate has not yet been appointed, the witnesses are unknown and even the committee members may not be known. We therefore conclude that Form DOC–71 was meant to comply with § DOC 303.76, not with the notice of hearing requirement in § DOC 303.81.

■

¶ 14. The parties agree that only one written notice was given to Bergmann and that the second written notice required by § DOC 303.81 was never provided to him. This defect in notice of proceedings was never rectified and the Department's failure to comply with its own regulations providing a basic procedural right such as notice invalidates the proceedings conducted in the present case.

¶ 15. Our inquiry, for purposes of this case, ends here. We need not, and do not, address other issues involving the second written notice, such as what information the second written notice must contain. The Department explained at oral argument that its primary objective in bringing this case to this court was to

clarify the court of appeals' language that "the notice of the hearing must also inform the inmate which charges will be heard at the *specified time.*" *Bergmann,* unpublished slip op. at 4 (emphasis added). This sentence in the court of appeals decision was apparently intended to paraphrase language in *Irby v. Macht,* 184 Wis. 2d 831, 845, 522 N.W.2d 9, *cert. denied,* 513 U.S. 1022 (1994), which cited § DOC 303.81(9) as providing that "inmates must be given notice of the *hearing's time.*" *Irby,* 184 Wis. 2d at 845, *quoted in Bergmann,* op. at 4 (emphasis added by court of appeals).

¶ 16. The Department has not made clear the basis for its dissatisfaction with *Irby* or with the court of appeals decision in *Bergmann* relying on *Irby.* The Department appears to view these decisions as requiring it to provide inmates with notice of the precise hour of the hearing with no allowance for deviation from the specified time. The Department does not explain why it views either the *Irby* decision or the court of appeals decision in *Bergmann* as requiring that the precise hour of the hearing be provided or that a postponement for cause, and without prejudice to an inmate's ability to defend against the charges, would not be in compliance with the regulations.[8]

¶ 17. The Department asserts that the written notices need provide no more notice of time than that the hearing will be held no sooner than two and no

---

[8] Both parties call the court's attention to *Saenz v. Murphy,* 153 Wis. 2d 660, 451 N.W.2d 780 (Ct. App. 1989), *reversed on other grounds,* 162 Wis. 2d 54, 469 N.W.2d 611 (1991). The effect of a court of appeals decision that has been reviewed by the court and resolved on a different issue has not been definitively answered. In any event, the court of appeals did not consider in *Saenz* the issue which forms the basis of the decision in the present case.

more than twenty-one days from the time the inmate is given the written conduct report and notice of hearing rights. In short, the Department asks us to reconsider or clarify *Irby*. We decline to reconsider *Irby* or to further construe the degree of specificity required by the regulations with regard to notice of the time of the hearing. As Bergmann's brief properly points out, neither inquiry is necessary to a resolution of the controversy presented in this case. The inquiry the Department asks the court to undertake must await a case in which it is squarely presented as the basis for an actual controversy.

¶ 18. We conclude that Wis. Adm. Code §§ DOC 303.76 and 303.81 require that an inmate be given two written notices of a hearing to adjudicate an allegation of a major conduct violation. Because Bergmann was not given the second written notice, we affirm the decision of the court of appeals. The prison disciplinary findings are vacated.

*By the Court.*—The decision of the court of appeals is affirmed.