Michael BURK, Petitioner-Appellant,

v.

Gary R. MCCAUGHTRY, Respondent-Respondent.

Court of Appeals

*No. 98–0690. Submitted on briefs October 14, 1998.—Decided November 19, 1998.*

(Also reported in 588 N.W.2d 371.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Michael E. Burk*, pro se of Waupun.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle* attorney general, and *Richard A. Perkins*, assistant attorney general.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DYKMAN, P.J. Michael E. Burk appeals from an order affirming the adjustment committee's decision that he violated WIS. ADM. CODE § DOC 303.24 (disobeying orders). Burk argues that the adjustment committee lost competency to adjudicate the matter after it failed to provide him with adequate written notice of his due process hearing within the required two and twenty-one day time period. *See* WIS. ADM. CODE § DOC 303.76(3). We disagree and conclude that the adjustment committee complied with § DOC 303.76(3) when it issued Burk a DOC–9 form and a DOC–71 form sixteen days prior to the hearing. Accordingly, we affirm.

## BACKGROUND

Michael Burk is an inmate at the Waupun Correctional Institution. On September 9, 1996, a correctional officer ordered Burk to turn over a piece of paper on which Burk had written something. Burk allegedly responded to the order by putting the paper in his mouth and swallowing it. The following day he was issued a conduct report (Form DOC–9) for disobeying orders, contrary to WIS. ADM. CODE § DOC 303.24. In addition to receiving a copy of the conduct report, Burk received a copy of his DOC–71 form. This DOC–71 form, which is entitled "notice of major disciplinary hearing rights and waiver of major hearing and waiver of time," notified Burk that he either could request or waive a due process hearing regarding the alleged violation. The DOC–71 form reads, in pertinent part, as follows:

7. The Hearing Officer or designee will notify you and your staff advocate of the date, time and place of the hearing.

A. The hearing shall be held not sooner than 2 days and not more than 21 days after the date you were given a copy of the above-referenced conduct report.

Burk signed the form indicating that he had read and fully understood the charges and his rights.

On September 25, 1996, Burk was served with a copy of his DOC–1516 form, which is entitled "notification of disciplinary hearing." It stated that a hearing would be held on September 26, 1996. At the hearing, the committee reviewed the evidence and concluded that Burk intentionally disobeyed the order to turn over the piece of paper. It imposed three days' adjustment segregation and ninety days' program segregation as a sanction for the violation. The warden affirmed the committee's decision.

Burk then petitioned the Dane County Circuit Court for a writ of certiorari to review the adjustment committee's decision. The court affirmed the adjustment committee's decision. Burk now appeals.

### DISCUSSION

On certiorari review, our standard of review is the same as that applied by the trial court. *State ex rel. Staples v. DHSS*, 136 Wis. 2d 487, 493, 402 N.W.2d 369, 373 (Ct. App. 1987). Judicial review is limited to whether: (a) the agency kept within its jurisdiction; (b) the agency acted according to law; (c) the action was arbitrary, oppressive, or unreasonable; and (d) the evidence presented was such that the agency might reasonably make the decision it did. *State ex rel. Jones*

*v. Franklin*, 151 Wis. 2d 419, 425, 444 N.W.2d 738, 741 (Ct. App. 1989). Whether the adjustment committee acted according to law includes the questions of whether due process was afforded and whether the committee followed its own rules. *State ex rel. Meeks v. Gagnon*, 95 Wis. 2d 115, 119, 289 N.W.2d 357, 361 (Ct. App. 1980).

Burk alleges that the adjustment committee acted outside its jurisdiction when it proceeded with his disciplinary hearing twenty-four hours after serving him with a copy of the DOC–1516 form. He contends that he is entitled under WIS. ADM. CODE § DOC 303.76(3) to at least two-days' advance notice of the hearing, and because he only received twenty-four hours' notice, the prison adjustment committee lost competency to proceed with the hearing.[1] The state responds by asserting that Burk received the requisite notice when he was given a copy of his DOC–9 form (conduct report) and a copy his DOC–71 form (notice of hearing rights and waiver form) sixteen days before the hearing.

The issue of an inmate's right to advance notice of a disciplinary hearing was recently addressed in *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 564 N.W.2d 712 (1997). In *Bergmann*, the supreme court held that an inmate accused of a major conduct violation is entitled to two different written notices of an upcoming disciplinary hearing. The court reached this conclusion after reviewing WIS. ADM. CODE §§ DOC 303.76 and 303.81. The relevant portions of § DOC 303.76 are as follows:

---

[1] A prison adjustment committee loses competency to proceed when it holds a hearing sooner than two days or later than twenty-one days after an inmate receives a copy of the conduct report and a hearing notice. *See State ex rel. Jones v. Franklin*, 151 Wis. 2d 419, 423–424, 444 N.W.2d 738, 740–41 (Ct. App. 1989).

(1) NOTICE. When an inmate is alleged to have committed a major violation and the security director or designee has reviewed the conduct report pursuant to s. DOC 303.67, a copy of the approved conduct report shall be given to the inmate within 2 working days after its approval. The conduct report shall inform the inmate of the rules which he or she is alleged to have violated, the potential penalties or other potential results that may be imposed, including but not limited to removal from work release, and that he or she may exercise the right to a due process hearing or may waive this right in writing. The inmate shall be informed that if he or she waives the right to a formal due process hearing, he or she will be given an informal hearing under s. DOC 303.75. The inmate shall be informed that if a formal due process hearing is chosen, the inmate may present oral, written, documentary and physical evidence, and evidence from voluntary eyewitnesses in accordance with this section and s. DOC 303.81; that he or she has a right to the assistance of a staff advocate in accordance with this section and s. DOC 303.79; that the adjustment committee may permit direct questions or require the inmate or his or her advocate to submit questions to the adjustment committee to be asked of the witness; that repetitive, disrespectful and irrelevant questions are forbidden; and that the inmate may appeal the finding and disposition of the adjustment committee in accordance with sub. (7). The inmate shall also be informed that if he or she refuses to attend a hearing, the hearing may be conducted without the inmate being present.

. . . .

(3) TIME LIMITS. A due process hearing shall be held no sooner than 2 working days or later than 21 days after the inmate receives a copy of the

201

conduct report and hearing notice. An inmate may waive these time requirements in writing if the security director agrees to the waiver. The inmate may request additional time to prepare for the hearing, and the security director shall grant the request unless there is a good reason to deny it.

The pertinent provisions of § DOC 303.81 are as follows:

(7) After determining which witnesses will be called for the accused, the hearing officer shall notify the inmate of the decision in writing and schedule a time for a hearing when all of the following people can be present:
(a) Adjustment committee members;
(b) Advocate, if any;
(c) Officer who wrote the conduct report;
(d) Other witnesses against the accused (if any);
(e) Accused; and
(f) Witnesses for accused (if any).

. . . .

(9) The hearing officer shall prepare notice of the hearing and give it to the accused, the advocate (if any), the committee and all witnesses, including the staff member who wrote the conduct report.

In *Bergmann*, the court reasoned that "these three subsections, when read together, require that written notice of the hearing be given to the accused after the initial notice under § DOC 303.76 is given." *Bergmann*, 211 Wis. 2d at 9, 564 N.W.2d at 715. The court concluded that because the prison failed to provide Bergmann with both initial and final notice of the hearing, it did not comply with the administrative regulations. It determined that while providing an inmate with a copy of his conduct report (Form DOC–9)

satisfied § DOC 303.76, it did not satisfy § DOC 303.81.[2]

We conclude that this case is distinguishable from *Bergmann*. In this case, unlike in *Bergmann*, Burk received two written notifications of his hearing. The first was a copy of his DOC–9 form (conduct report) and a copy of his DOC–71 form (notice of hearing rights and waiver form), which satisfied § DOC 303.76(3); the second was the DOC–1516 form (notification of disciplinary hearing), which satisfied § DOC 303.81.

Burk contends that because he did not receive both of these notifications within the two and twenty-one day time period, the committee did not have competency to proceed with the hearing. We disagree. While an inmate is entitled to two different written notices of an upcoming hearing, the prison is not required to provide both the initial and final notice within the two and twenty-one day time period. Unlike WIS. ADM. CODE § DOC 303.76(3), § DOC 303.81 does not require notification within a specified time period. A prison need not

---

[2] The court also made the following observations regarding what types of forms satisfy these regulatory provisions:

[T]he notice of hearing rights (Form DOC–71) does not supply the notice required by § DOC 303.81; it supplies the notice required by § DOC 303.76. Nor does Form DOC–71 meet the requirements for a notice under § DOC 303.81. The notice required under § DOC 303.81 is to come from a hearing officer; Form DOC–71 is signed by a correctional officer, not a hearing officer. Furthermore, Form DOC–71 cannot comply with the § DOC 303.81(9) requirement that notice be given to the staff advocate, the committee and all witnesses. When Form DOC–71 is given to the inmate, an advocate has not yet been appointed, the witnesses are unknown and even the committee members may not be known. We therefore conclude that Form DOC–71 was meant to comply with § DOC 303.76, not with the notice of hearing requirement in § DOC 303.81.

*Bergmann v. McCaughtry*, 211 Wis. 2d 1, 9, 564 N.W.2d 712, 715 (1997).

provide final notice within the two and twenty-one day period as long as it complies with § DOC 303.76(3) in providing the initial notice within the requisite time frame.

In *Bergmann*, the issue was whether the inmate received initial notice of the hearing, consistent with WIS. ADM. CODE § DOC 303.76, and final notice of the hearing, consistent with WIS. ADM. CODE § DOC 303.81. However, that is not the issue in this case. The issue here is whether Burk received a copy of his conduct report and hearing notice within the time period specified in § DOC 303.76(3).

While Burk concedes that he received a copy of his DOC–9 form (conduct report), along with a copy of the DOC–71 form (notice of hearing rights and waiver), sixteen days before the hearing, he argues that he did not receive a "hearing notice" until he received the DOC–1516 form the day before the hearing. And because he did not receive a copy of the DOC–1516 form within the two and twenty-one day period, he argues that the adjustment committee lost competency to proceed with the charge.

■

This argument, however, is based on an erroneous assumption. Burk assumes that the DOC–1516 form is the "hearing notice" referenced in WIS. ADM. CODE § DOC 303.76(3). This is incorrect. In *Bergmann*, the court concluded that the DOC–71 form satisfies the "hearing notice" requirement of § DOC 303.76(3). *See Bergmann*, 211 Wis. 2d at 6, 546 N.W.2d at 714. Therefore, because Burk received copies of both the DOC–9 and DOC–71 forms, we reject his argument that the prison failed to provide adequate notice of the hearing within the requisite time period.

Burk also raises other arguments concerning the adjustment committee's decision to grant him a continuance. However, because he raises these arguments for the first time in his reply brief, we do not consider them. *See Rychnovsky v. Village of Fall River*, 146 Wis. 2d 417, 424 n.5, 431 N.W.2d 681, 684 n.5 (Ct. App. 1988).

## CONCLUSION

We are satisfied that because Burk received a copy of his DOC–9 and DOC–71 form sixteen days before his disciplinary hearing and the DOC–1516 form prior to the hearing, he had adequate notice of the hearing. Therefore, the adjustment committee had competency or jurisdiction to adjudicate the matter. Accordingly, we affirm.

*By the Court.*—Order affirmed.