### Ronnie STUDWAY, Plaintiff,

v.

### Brooks FELTMAN,[1] Defendant.

### No. 90–C–0767–C.

United States District Court,
W.D. Wisconsin.

May 20, 1991.

Ronnie Studway, pro se.

Peter C. Anderson, Asst. Atty. Gen., Madison, Wis., for defendant.

### OPINION AND ORDER

CRABB, Chief Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In an order dated November 9, 1990, I granted plaintiff leave to proceed *in forma pauperis* against defendant and John Doe on his claim that the failure of defendant and John Doe to provide plaintiff with a timely hearing, as required by Wis.Admin.Code § DOC 303.-76(3), violated plaintiff's due process rights.

Presently before the court is defendant's motion to dismiss for failure to state a claim filed under Fed.R.Civ.P. 12(b)(6). Upon reconsideration of the issue, I conclude that the state court ruling I tentatively relied on does not give rise to a protected liberty interest in having a hearing within 21 days. Accordingly, I will grant the motion to dismiss.

For the sole purpose of deciding this motion, I find that plaintiff's complaint contains the following material allegations.

### *Allegations of Fact*

At all relevant times, plaintiff was an inmate, defendant Brooks Feltman was employed as Center Director and John Doe was employed as a lieutenant at the Osh-

---

1. I denied leave to proceed against Donald W. Gudmanson in the order dated November 9, 1990. Defendant John Doe was never served with plaintiff's complaint. Therefore, these defendants are no longer parties to this action and I have removed their names from the caption.

kosh Correctional Institution in Oshkosh, Wisconsin. On June 14, 1990, plaintiff was accused of theft and possession of contraband by a prison staff member. The next day, plaintiff received a copy of conduct report # 400–447, which described the charges as a major offense. Although plaintiff waived his right to call witnesses and his right to assistance of a staff advocate, he did not waive the hearing time limits.

On July 9, 1990, defendant and John Doe held a disciplinary proceeding on conduct report # 400–447. Although plaintiff objected to the hearing as violating the twenty-one day time limit provided for in Wis. Admin.Code § DOC 303.76(3) and defendant and John Doe acknowledged that the hearing was being held late, they continued with the proceeding. After receiving plaintiff's testimony, defendant and John Doe delayed the hearing pending further investigation.

On July 18, 1990, defendant and another official continued the hearing despite plaintiff's repeated objection to the violation of § 303.76(3). Defendant acquitted plaintiff of the theft charge, but found him guilty of possession of contraband and imposed fifteen hours of extra duty as punishment.

## Opinion

█ Although the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law," the Supreme Court recognizes that "only a limited range of interests fall within this provision." *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983). Protected liberty interests may arise from either the due process clause itself or from the laws of the states. *Id.* To create a constitutionally protected liberty interest, a state regulation must contain "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed ... and that [the challenged action] will not occur absent specified substantive predicates." *Id.* at 471–72, 103 S.Ct. at 871–72. By itself, however, mandatory language is not sufficient to

create a liberty interest triggering the protections of procedural due process. *Woods v. Thieret*, 903 F.2d 1080, 1083 (7th Cir. 1990). A liberty interest is created only where the regulation contains "specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989); *Russ v. Young*, 895 F.2d 1149, 1153 (7th Cir.1990).

The adoption of mere procedural guidelines does not give rise to a protected liberty interest. *Culbert v. Young*, 834 F.2d 624, 628 (7th Cir.1987), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1296, 99 L.Ed.2d 506 (1988) (citing *Hewitt*, 459 U.S. at 471, 103 S.Ct. at 871); *see also Shango v. Jurich*, 681 F.2d 1091, 1101 (7th Cir.1982) (in itself, state created procedural right not a liberty interest within the meaning of Fourteenth Amendment protections). In *Shango*, the court declined to find that a state regulation requiring a hearing prior to interprison transfers gave rise to a protected liberty interest. 681 F.2d at 1100–01. The court pointed out the logical flaw in constitutionalizing such state procedural rights: "If a right to a hearing is a liberty interest, and if due process accords the right to a hearing, then one has interpreted the Fourteenth Amendment to mean that the state may not deprive a person of a hearing without providing him with a hearing." *Id.*

In *Culbert*, the court of appeals rejected the contention that certain Wisconsin procedural regulations created a liberty interest in need of constitutional safeguards. The court held that even though the language of the regulations was arguably mandatory, the regulations only suggested that certain criteria be considered before a prison official classified an offense as major or minor. Citing *Hewitt*, the court concluded that "we will not presume that the state intended to place substantive limits on the authority of prison administrators when it has not explicitly said so. Therefore, we hold that § HSS 303.68 establishes a procedural guideline to channel official discretion but does not limit the exercise of that discretion to the listed criteria." In a

footnote, the court acknowledged that two decisions by an intermediate Wisconsin court indicated a contrary result. *Culbert,* 834 F.2d at 629 n. 5. The court distinguished the state court decisions by finding that they were concerned primarily with whether particular decisions were arbitrary under the applicable state standards for review of prison disciplinary committee decisions. In addition, the court stated that "[a]lthough the [state] court seems to have decided that § HSS 303.68(3) is mandatory in nature, ... it did not analyze the regulation for substantive limits to determine whether a liberty interest was even implicated or otherwise refer to the Supreme Court's decision in *Hewitt.*"

■ In the November 9 order, I relied on the Wisconsin Court of Appeals' decision in *State ex rel. Jones v. Franklin,* 151 Wis.2d 419, 444 N.W.2d 738 (Ct.App.1989), in deciding that § DOC 303.76(3) created a protected liberty interest. In that case, the state court of appeals held that a prison hearing committee's failure to hold a disciplinary hearing within the time period established by § DOC 303.76(3) deprived the committee of jurisdiction to proceed in the matter and could not be excused as harmless error. Upon reconsideration, I conclude that this decision does not control the question whether § DOC 303.76(3) gives rise to a protected liberty interest. Although the state court referred to the inmate's "right to a timely hearing" and construed the language of the regulation as mandatory, it did not analyze the regulation for substantive limits to determine whether the language implicates or creates a liberty interest. *See Culbert,* 834 F.2d at 629 n. 5.

Under a constitutional analysis, § DOC 303.76(3) can only be interpreted as a procedural regulation. The regulation provides in pertinent part:

A due process hearing shall be held no sooner than 2 working days or later than 21 days after the inmate receives a copy of the conduct report and hearing notice. An inmate may waive these time requirements in writing if the security director agrees to the waiver.

The only liberty interest implicated by this regulation is the inmate's right not to be subjected to disciplinary punishment without due process protections. The timely hearing requirement does not place a substantive limit on the decisionmakers' determination of what conduct is properly subject to prison discipline. Instead, the regulation operates only as a procedural restriction on the decisionmaking process. Violation of this procedural requirement may provide plaintiff with a state claim that the hearing committee had no jurisdiction to proceed in his case, but it does not give rise to a constitutional claim. I conclude that plaintiff's complaint fails to state a claim under the Fourteenth Amendment and must be dismissed.

## ORDER

IT IS ORDERED that defendant Feltman's motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a claim is GRANTED. The Clerk of Court is directed to enter judgment for defendant.