WITKIN, WEIBY, MAKI, DURST & LEDIN, S.C., Plaintiff-Respondent,

v.

William MCMAHON and Barbara McMahon, Defendants-Appellants.†

Court of Appeals

*No. 92-2295-FT. Submitted on briefs December 9, 1992.—Decided January 12, 1993.*

(Also reported in — N.W.2d —.)

†Petition to review denied.

For th defendants-appellants the cause was submitted on the briefs of *Arthur De Bardeleben* of *De Bardeleben & Associates* and *Daniel Snyder* of Park Falls.

For the plaintiff-respondent the cause was submitted on the brief of *Terri L. Lehr* of *Witkin, Weiby, Maki, Durst & Ledin, S.C.* of Superior.

Before Cane, P.J., Myse and Wedemeyer, JJ.

MYSE, J.   William and Barbara McMahon appeal a judgment in favor of Witkin, Weiby, Maki, Durst & Ledin, S.C. (Witkin) for legal expenses incurred as a result of the Department of Industry, Labor and Human Relations' claim demanding a refund of unemployment compensation benefits previously paid.[1] The McMahons

---

[1] This is an expedited appeal under Rule 809.17.

contend that the trial court erred by: (1) failing to limit counsel's recovery to the maximum 10% authorized by sec. 108.09(8), Stats., (2) granting judgment without joining an indispensable party and (3) awarding costs that included attorney fees because they did not receive the notice required by sec. 814.10(1), Stats. Because we conclude that sec. 108.09(8) does not apply to a claim for reimbursement of erroneously paid benefits and the McMahons have waived the remaining issues, we affirm the judgment.

The McMahons were officers of Golden Farm Lodge, Inc. They received unemployment compensation benefits charged to Golden Farm's account. The benefits were allegedly overpaid in excess of $23,000. DILHR commenced an action against the McMahons to recover the erroneously paid benefits. The McMahons retained Witkin to represent them in DILHR's claim and paid it a $5,000 retainer. At the conclusion of the litigation Witkin's total bill for services rendered was $7,836.50 plus $608.84 for costs and disbursements. After crediting the $5,000 retainer paid, a balance of $3,445.34 was due. The McMahons refused to pay the balance, and Witkin instituted this lawsuit to recover the balance due. The McMahons appeared pro se to defend against Witkin's claims.

The McMahons contend that sec. 108.09(8), Stats., limits the amount of Witkin's fees to 10% of the amount in dispute. They therefore reason that the maximum permissible charge for the services rendered was 10% of the amount in controversy—slightly more than $2,300. This issue involves the application of a statute to undisputed facts, which is a question of law reviewed without deference to the trial court's determination. *Brandt v.*

765

*LIRC*, 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991).

Section 108.09(8), Stats., provides in part:

> REPRESENTATION AND LIMITATION OF FEES. . . . Any party in any administrative proceeding under this section may be represented by counsel or other agent; but no such counsel or agent may together charge or receive from an employe for such services more than 10% of the maximum benefits at issue in the proceeding unless the department has first approved a specified higher fee.

The McMahons argue that this language limits Witkin's attorney fees to 10% of $23,000 because DILHR did not waive the 10% limitation of attorney fees.

We conclude that the statutory language is clear and unambiguous. The language limits the recovery of attorney fees for "any administrative proceeding under *this section*" (emphasis added). The emphasized language refers to sec. 108.09, Stats., which is entitled "Settlement of benefit claims." The section governs the filing of claims by one alleging eligibility for payment of unemployment compensation benefits pursuant to the statute. The instant litigation does not involve the claimants seeking unemployment compensation benefits under the provisions of sec. 108.09. This litigation involves a claim against the McMahons by DILHR for reimbursement of erroneously paid benefits that is governed by sec. 108.04(13)(c) and (d), 108.16(3) and 108.22(8), Stats. We conclude that sec. 108.09 does not apply.

██

Because DILHR's claim seeking recovery of erroneously paid benefits is not governed by sec. 108.09, Stats., the limitation of attorney fees within that section is not applicable to this litigation. We conclude that the trial

court correctly determined that the statutory limitation of attorney fees does not apply to claims brought by DILHR against a claimant.

The McMahons next allege that Golden Farm, against whose account the allegedly erroneously paid unemployment compensation benefits were charged, is an indispensable party who should have been joined in the litigation. They contend that the corporation is a necessary party that must be joined because the corporate account was involved in this litigation and also because Witkin billed both the McMahons personally and the corporation for its services. Section 802.06(8)(b), Stats., provides that the defense of failure to join an indispensable party "may be made in any pleading permitted or ordered under s. 802.01(1), or by motion before entry of the final pretrial conference order." An examination of the record reveals that the McMahons failed to raise the defense that Golden Farm was an indispensable party before the trial court. Because this issue was not raised at the trial level, we conclude that the McMahons have failed to preserve this issue for appeal and may not raise the issue for the first time on appeal. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-46 (1980).

The McMahons also contend that the court permitted the erroneous taxation of attorney fees as part of the bill of costs. They argue that they were not given the requisite notice under sec. 814.10(1), Stats., of the amount of costs to be taxed because the notice of taxation of costs did not indicate the date or time fixed for the taxation of costs. Section 814.10(1), requires the prevailing party to notify the other party that it has applied for taxation of costs. The McMahons concede that they received the notice. Nothing in the statute requires that

the date of taxation of costs be included for proper notice. Therefore, under sec. 814.10(3), Stats., the McMahons were required to file an objection with the clerk.

The record is devoid of any objection to the taxation of costs. Further, sec. 814.10(4), Stats. provides in part that "[n]o objection shall be entertained on review which was not made before the clerk, except to prevent great hardship or manifest injustice." Because the McMahons failed to object to the taxation of costs in accordance with the provisions of sec. 814.10, Stats., and failed to demonstrate great hardship or manifest injustice, they are precluded from seeking judicial review of this issue. *See also Savina v. Milwaukee Gas Light Co.*, 36 Wis. 2d 694, 706-07, 154 N.W.2d 237, 243 (1967). Because we conclude that sec. 108.09, Stats., does not apply to claims not governed by that section and the McMahons' failure to object to the nonjoinder of Golden Farm and the taxation of costs precludes review of those issues, the judgment is affirmed.

*By the Court.*—Judgment affirmed.