IN RE the MARRIAGE OF: Kathleen A. GROHMANN, Petitioner-Appellant,

v.

Thomas C. GROHMANN, Respondent-Respondent,

THOMAS GROHMANN 1985 TRUST (Trustees Eckhart Grohmann and DeWayne P. Nehs), Third Party Defendant-Respondent.†

Court of Appeals

*No. 93–0372–FT. Submitted on briefs September 29, 1993.—Decided December 7, 1993.*

(Also reported in 511 N.W.2d 312.)

†Petition to review filed.

691

For the petitioner-appellant the cause was submitted on the briefs of *Gregg Herman*, of *Loeb, Herman & Drew, S.C.*, of counsel, of Milwaukee.

For the third party defendant-respondent the cause was submitted on the briefs of *Patricia K. McDowell*, of *Quarles & Brady*, of counsel, of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SCHUDSON, J.   Kathleen A. Grohmann appeals from a judgment supplementing a divorce judgment. The issues are (1) whether the trial court was correct in concluding that it had no authority to order payment of child support by a trust pursuant to sec. 701.06(4)(b) and (6), Stats., and (2) whether the trial court should have included undistributed trust income as part of the support payer's gross income for purposes of applying

the support guidelines in Wis. Adm. Code ch. HSS 80. We conclude that the trial court had no authority to order payments by the trust and, therefore, on that issue we affirm. We also conclude that the trust income may be included as part of the support payer's income and, on that second issue, we remand for further consideration.

Kathleen and Thomas Grohmann married in July 1988 and had one child, born in 1990. Kathleen was granted an interlocutory judgment of divorce in October 1992. The judgment left for later resolution whether the Thomas Grohmann 1985 Trust ("the trust") would make payments for child support or payments to Kathleen. Thomas and Kathleen stipulated that the trust be joined as a third-party defendant. Kathleen filed a third-party complaint seeking a judgment that 17% of the trust's income be paid as child support for their minor child.[1]

The terms of the trust are not in dispute. It was established in December 1985 as an irrevocable trust. Thomas Grohmann was the donor and is the primary beneficiary. The trustees may distribute trust income or principal to Thomas at their discretion. Thomas has the right to withdraw half of the assets upon reaching age 40 and the remainder upon reaching age 45. The parties stipulated that all the original trust assets were acquired by gift to Thomas, and that the value of the assets was $248,154.97 when Thomas and Kathleen married and $266,183.83 when they divorced.

Applying sec. 701.06(4)(b), Stats., the trial court ruled that if and when any distributions of trust income are made to or on behalf of Thomas, the trustees shall pay 17% of the gross income of such

---

[1] Kathleen also sought payments from the trust to her, but she appeals only on issues relating to child support.

distributions to Kathleen as child support. The court concluded, however, that it had no authority to control if and when the trustees would make any distributions. Kathleen appeals, arguing that sec. 701.06(4)(b), Stats., not only authorizes the court to order child support deducted from payments the trustees make to the beneficiary in their discretion, but also authorizes the court to order the trustees to satisfy Kathleen's claim for child support from the trust's income or principal.

The application of a statute to undisputed facts is a question of law we review *de novo. Witkin, Weiby, Maki, Durst & Ledin, S.C., v. McMahon,* 173 Wis. 2d 763, 765, 496 N.W.2d 688, 689 (Ct. App. 1993). Section 701.06(4)(b), Stats., provides:

> (4) Notwithstanding any provision in the creating instrument or subs. (1) and (2), upon application of a person having a valid order directing a beneficiary to make payment for support of the beneficiary's child, the court may:
>
> . . . .
> (b) In the case of a beneficiary under a discretionary trust, order the trustee to satisfy part or all of the claim out of part or all of future payments of income or principal which are to be made pursuant to the exercise of the trustee's discretion in favor of such beneficiary.

Kathleen emphasizes the phrase "payments which are to be made," and interprets that as extending the authority of the court to any income or principal within the purview of the trustees. We reject her interpretation.

The phrase "payments which are to be made" is followed by "pursuant to the exercise of the trustee's

discretion." Nothing in the statute authorizes a court to relieve trustees of their discretion over when a trust shall make payments to or on behalf of a beneficiary, or to substitute its own discretion for that of the trustees. Under the statute, the decision to distribute trust income remains with the trustees.

■

Kathleen argues that this interpretation leaves the statute without meaning, since the trustees already have the authority to determine when to make a payment. We disagree. Section 701.06(4)(b), Stats., does not attempt to affect the trustees' discretion. Instead, it grants courts the authority to order trustees to satisfy a child support obligation directly from discretionary payments that the trustees have decided to authorize, thereby circumventing potential opposition of the beneficiary and reducing the opportunity for avoidance of support obligations.

Kathleen also argues that the court should grant her relief as a "judgment creditor" under sec. 701.06(6), Stats., which provides:

Notwithstanding any provision in the creating instrument and in addition to the remedies available under subs. (4) and (5) where the settlor is a beneficiary, upon application of a judgment creditor of the settlor, the court may, if the terms of the instrument require or authorize the trustee to make payments of income or principal to or for the benefit of the settlor, order the trustee to satisfy part or all of the judgment out of part or all of the payments of income or principal as they are due, presently or in the future, or which are payable in the trustee's discretion, to the extent in either case of the settlor's proportionate contribution to the trust.

Kathleen contends that the court could order child support according to the amount of trust income that eventually would be distributed to Thomas, and that this order would obligate Thomas to seek a distribution from the trust. If Thomas failed to do so, or if the trustees refused to make the distribution, then Kathleen would become a judgment creditor of Thomas and the court could order the trustees to satisfy the judgment under this statute.

Kathleen's argument is premature. Kathleen has not established that she is a judgment creditor of Thomas. According to her argument, her status as a judgment creditor would depend on the existence of a court order and a failure of Thomas or the trustees to comply. None of these events has occurred. We offer no opinion as to how sec. 701.06(6), Stats., might be applied in such circumstances.

Kathleen also argues that under child support guidelines established in Wis. Adm. Code ch. HSS 80 and relevant tax provisions, the income earned by the trust is part of Thomas's gross income and, therefore, must be included when determining his income for setting child support. The trust responds that it is a separate entity from Thomas, that it holds title to all the trust assets, and that nothing in the child support guidelines or tax laws establishes that the trust income belongs to the beneficiary.[2] Although the parties argued this issue in the trial court, the issue was not addressed by the trial court's oral decision, written findings and conclusions, or judgment.

---

[2] Thomas did not file a separate brief, but joined in the brief of the trust.

We conclude that Kathleen's legal argument is solid, though its application to this case still must be determined. Under sec. 767.25(1j), Stats., a court shall determine child support payments by using the percentage standard established by the Department of Health and Social Services under sec. 46.25(9)(a), Stats. That standard appears in Wis. Adm. Code ch. HSS 80. The child support obligation shall be, for one child, 17% of the support payer's "base." Section HSS 80.03(1). The base includes the payer's gross income adjusted for child support. Section HSS 80.02(3). "Gross income" means all income as defined under 26 CFR 1.61-1 that is derived from any source and realized in any form. Section HSS 80.02(12). According to 26 CFR 1.61-1, gross income means all income from whatever source derived, and the code refers to 26 U.S.C. sec. 61 as listing the more common items of gross income for purposes of illustration. That statute lists income from trusts as an example. 26 U.S.C. sec. 61(a)(15).

Under federal tax law, it appears that Thomas may be obligated to report the trust income as his own. Title 26 U.S.C. sec. 671 provides that where secs. 671-679 establish the grantor of a trust as owner of any portion of the trust, the grantor shall include that same portion of the trust income, deductions and credits in computing the grantor's taxable income and credits. Under 26 U.S.C. sec. 677, the grantor shall be treated as the owner of any portion of a trust whose income is distributed to the grantor or held or accumulated for future distribution to the grantor, as long as these actions occur without the approval or consent of any adverse party or occur in the discretion of the grantor or a nonadverse party, or both. "Adverse" and "nonadverse" parties are defined in 26 U.S.C. sec. 672(a) and

(b). It appears that the trust before us may meet these conditions, thereby obligating the grantor, Thomas, to declare all the income earned by the trust as his own income.

The record contains indications that this is, in fact, what has been occurring. According to a statement by the trustees summarizing the checks written from the trust: "Under the tax laws, the Trust had the choice of filing its own separate tax returns, or reporting its income on the return of the beneficiary. The trust elected to report its income on the return of the beneficiary in order to have a lower tax rate. But the taxes paid were the taxes of the trust, not of Mr. Grohmann." Counsel for the trust stated at the hearing that "the trust reports its income on the beneficiary's tax returns."

If Thomas is obligated to report the trust's income as his own, then, regardless of whether Thomas has received any distribution, 17% of the trust income is payable as child support pursuant to Wis. Adm. Code ch. HSS 80. Although the law is clear, we are reluctant to reach a conclusion about its application to this case because the trial court has not expressly ruled on the issue. Several uncertainties may remain with respect to "adverse" and "nonadverse" parties and with respect to the trust's statement that it has the option of filing its own return or reporting its income on Thomas's return. The trial court may need additional evidence and argument on this issue.[3]

---

[3] Should the trial court conclude that the trust income is subject to the mandatory child support guidelines, it may find it appropriate to reconsider whether distributions of that same income to Thomas should also be subject to those guidelines. Although we offer no opinion on this point, we note that in this

In summary, we affirm the trial court's conclusion that sec. 701.06(4)(b) and (6), Stats., does not authorize the court to order the trustees to make child support payments to Kathleen. However, we remand for further consideration of whether the income earned by the trust is part of Thomas's gross income for purposes of applying the child support guidelines under sec. 767.25(1j), Stats.

*By the Court.*—Judgment affirmed and cause remanded for further proceedings.

---

case no one has suggested that Thomas pay 17% of the same trust income twice— once before and once after distribution.