IN RE the MARRIAGE OF:

Kathleen A. GROHMANN, Petitioner-Appellant,

v.

Thomas C. GROHMANN, Respondent-Respondent,

Thomas GROHMANN 1985 TRUST (Trustees Eckhart Grohmann and DeWayne P. Nehs), Third Party Defendant-Respondent-Petitioner.

Supreme Court

*No. 93–0372–FT. Oral argument November 29, 1994.—Decided January 18, 1995.*

(Also reported in 525 N.W.2d 261.)

532

For the third party defendant-respondent-petitioner there were briefs by *Patricia K. McDowell, John R. Maynard* and *Quarles & Brady,* Milwaukee and oral argument by *Patricia K. McDowell.*

For the respondent-respondent there was a brief by *Gerald S. Boisits,* Milwaukee.

For the petitioner-appellant there was a brief by *Gregg Herman, Eric R. Enli* and *Loeb, Herman & Drew, S.C.,* Milwaukee and oral argument by *Gregg Herman.*

Amicus curiae brief was filed by *Sherwood K. Zink,* counsel, Madison, for The Department of Health and Social Services of the State of Wisconsin.

STEINMETZ, J. The issue in this case is whether undistributed income from a valid grantor

trust should be used in calculating child support under Wis. Adm. Code ch. HSS 80, given that the parent who is obligated to pay child support is individually taxed as the grantor of the trust on the undistributed income of the trust. We hold that under these circumstances, the undistributed income of a valid grantor trust is available for child support under ch. HSS 80, unless either the grantor or the trust demonstrates unfairness under sec. 767.25(1m), Stats.

The facts are undisputed. In 1985, Thomas C. Grohmann established an irrevocable trust with assets that he received as a gift. The trust instrument provides that the trustees have discretion to distribute trust income and principal to Thomas C. Grohmann or any of his children. The trust instrument also provides that if Thomas C. Grohmann survives to age 40, which would occur in 2006, he may withdraw one-half of the remaining trust assets. If Thomas C. Grohmann survives to age 45, he may withdraw whatever remains of the trust.

Thomas C. and Kathleen A. Grohmann married in 1988 and gave birth to a child in 1990. In June 1992, Kathleen A. Grohmann divorced Thomas C. Grohmann pursuant to an interlocutory judgment of divorce.[1] The judgment reserved for later resolution whether income from the trust that Thomas C. Grohmann established in 1985 is available for child support. By stipulation of the parties, the trust was subsequently joined as a third-party defendant.

In November 1992, the circuit court for Milwaukee County, the Honorable Francis T. Wasielewski, conducted a hearing to resolve whether the trust income is

---

[1] The value of the trust assets was $248,154.97 when Thomas C. and Kathleen A. Grohmann married and $266,183.83 when they divorced.

available for child support. The court held that if the trustees make any discretionary distributions to Thomas C. Grohmann, 17 percent of the distributions must be paid to Kathleen A. Grohmann for child support. However, the court ruled that it lacked authority to order the trustees to make any distributions. Kathleen A. Grohmann appealed, arguing that (1) because the trust income is part of Thomas C. Grohmann's gross income, it is income subject to child support under Wis. Adm. Code ch. HSS 80; and (2) under sec. 701.06(4)(b), Stats., the court may order trustees to satisfy a claim for child support from the trust's income or principal.

In a published decision, the court of appeals affirmed the decision of the circuit court. *Marriage of Grohmann v. Grohmann,* 180 Wis. 2d 690, 511 N.W.2d 312 (Ct. App. 1993). The court of appeals held that "[i]f Thomas is obligated to report the trust's income as his own, then, regardless of whether Thomas has received any distribution, 17% of the trust income is payable as child support pursuant to Wis. Adm. Code ch. HSS 80." *Id.* at 698. The court remanded the case to the circuit court to determine whether Thomas C. Grohmann was, in fact, obligated to report the trust income as his own. *Id.* at 698–99. The trust subsequently petitioned the supreme court for review, which was granted. We affirm the decision of the court of appeals.

As noted above, the issue before this court is whether the undistributed income earned by the trust that Thomas C. Grohmann established is available for child support under Wis. Adm. Code ch. HSS 80, given that Thomas C. Grohmann is individually taxed as the grantor of the trust on the undistributed income of the trust. Resolution of this issue requires an interpreta-

tion of an administrative rule and its application to undisputed facts. The interpretation and application of an administrative rule to undisputed facts is a question of law, which we review without deference to the lower courts. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984); *Basinas v. State,* 104 Wis. 2d 539, 546, 312 N.W.2d 483, 486 (1981) (stating construction of administrative rules is governed by same principles that apply to statutes).

■

Absent a showing of unfairness, courts must determine a parent's child support obligation by using the percentage standard established by the Department of Health and Social Services in Wis. Adm. Code ch. HSS 80.[2] Under sec. HSS 80.03(1), the support payer's obligation for one child is 17 percent of the support payer's "base." A support payer's base is calculated by adding together his or her "gross income" and imputed income and then dividing by 12 for the gross monthly income. Sec. HSS 80.02(3). Thus, a support payer's base is largely determined by the support payer's level of gross income.

---

[2] Section 46.25(9)(a), Stats., requires the department to "promulgate rules that provide a standard for courts to use in determining a child support obligation based upon a percentage of the gross income and assets of either or both parents."

Section 767.25(1), Stats., provides in pertinent part:

(1j) Except as provided in sub. (1m), the court shall determine child support payments by using the percentage standard established by the department of health and social services under s. 46.25(9)(a).

(1m) Upon request by a party, the court may modify the amount of child support payments determined under sub. (1j) if, after considering the following factors, the court finds by the greater weight of the credible evidence that use of the percentage standard is unfair to the child or to any of the parties . . ..

Section HSS 80.02(12) defines "gross income" as "all income as defined under 26 C.F.R. sec. 1.61–1 that is derived from any source and realized in any form." In turn, 26 C.F.R. sec. 1.61–1(a) provides that "[g]ross income means all income from whatever source derived, unless excluded by law. Gross income includes income realized in any form." The regulation notes that the more common items of gross income are listed in 26 U.S.C. sec. 61. That statute lists income from an interest in a trust as an example of gross income.

It is undisputed that the trust at issue in this case is a "grantor trust" within the meaning of 26 U.S.C. sec. 677. It is also undisputed that Thomas C. Grohmann must report all income earned by the trust on his individual tax returns, regardless of whether the trust retains the income or distributes it to Thomas C. Grohmann or his child. In fact, since the trust was created, Thomas C. Grohmann has reported the income earned by the trust on his individual return. The trustees have then paid the tax from the assets of the trust.

The trust argues that income earned by the trust is not available for child support because the income is neither "derived" nor "realized" as required by sec. HSS 80.02(12). According to the trust, under sec. HSS 80.02(12), three elements must be satisfied before income may be included in "gross income" for child support purposes. First, the income must fall within the definition of "gross income" under 26 C.F.R. sec. 1.61–1. Second, the income must be "derived from any source." And third, the income must be "realized in any form." We reject this interpretation of sec. HSS 80.02(12). Income that qualifies as gross income under sec. 1.61–1(a) also qualifies as gross income for child support purposes.

537

Under 26 C.F.R. sec. 1.61–1, gross income "means all income from whatever source derived." Thus, by definition, any income that is gross income has necessarily been derived. Similarly, sec. 1.61–1 provides that gross income "includes income that is realized in any form." Thus, any income that is gross income has necessarily been realized.[3] The trust concedes that income earned by the trust is "gross income" under sec. 1.61–1. By doing so, the trust implicitly concedes that income earned by the trust is "derived" and "realized" within the meaning of sec. 1.61–1 and sec. HSS 80.02(12). Because HSS 80.02(12) defines gross income by referring to 26 C.F.R. sec. 1.61–1 and uses language identical to that in sec. 1.61–1, it would be illogical to conclude that the department intended gross income to have different meanings under HSS 80.02(12) and sec. 1.61–1.

We now hold that because Thomas C. Grohmann, as the grantor of the trust, is required under federal tax law to report the trust's income as his own, 17 percent of the trust income should be used to calculate child support under Wis. Adm. Code ch. HSS 80, regardless of whether Thomas C. Grohmann has received any distribution. If Thomas C. Grohmann believes that the 17 percent figure is unfair, he or his representative has the burden of bringing an action and demonstrating to the trial court by the greater weight of the credible evidence that the amount is unfair. *See* sec. 767.25(1m), Stats.

Kathleen A. Grohmann contends that this court should grant her relief as a judgment creditor under sec. 701.06(6), Stats., which provides:

---

[3] Chapter HSS 80 does not require that the income be received before it is subject to child support.

**(6)** Settlor as beneficiary. Notwithstanding any provision in the creating instrument and in addition to the remedies available under subs. (4) and (5) where the settlor is a beneficiary, upon application of a judgment creditor of the settlor, the court may, if the terms of the instrument require or authorize the trustee to make payments of income or principal to or for the benefit of the settlor, order the trustee to satisfy part or all of the judgment out of part or all of the payments of income or principal as they are due, presently or in the future, or which are payable in the trustee's discretion, to the extent in either case of the settlor's proportionate contribution to the trust.

Section 701.06(6) contemplates a payment of income or principal to satisfy a judgment creditor. Kathleen A. Grohmann argues that if the trust does not pay Thomas C. Grohmann's child support obligation from its income and Thomas C. Grohmann does not pay it from another source, she would become a judgment creditor under sec. 701.06(6). Kathleen A. Grohmann therefore urges this court to order the trustees to satisfy the judgment at this time. However, under her own line of reasoning, Kathleen A. Grohmann is not currently a judgment creditor because Thomas C. Grohmann has not failed to meet his child support obligation. Therefore, we conclude, as did the court of appeals, that Kathleen A. Grohmann's judgment creditor argument is premature. Accordingly, we offer no opinion as to its merit.

In summary, we hold that the undistributed income from a valid grantor trust should be used in calculating child support under Wis. Adm. Code ch. HSS 80, when the support payer is the grantor of the trust. If any of the parties believes that the percentage

standard in ch. HSS 80 is unfair, the challenging party or representative has the burden of demonstrating unfairness. Accordingly, we affirm the decision of the court of appeals. Because the trust has conceded that income earned by the trust is taxable to Thomas C. Grohmann, we do not remand the case to the trial court for further development of the facts.

*By the Court.*—The decision of the court of appeals is affirmed.